## ARBITRATION AGREEMENT

Shine has adopted a Company-wide policy, called the "Shine Arbitration Policy," that requires most employment-related disputes to be resolved through arbitration. Shine believes that disputes can usually be resolved in arbitration more quickly and less expensively than if they were brought in court and therefore, this policy benefits Shine and its employees alike.

**What is arbitration?** Shine hopes that any dispute that might arise between you and Shine will be resolved informally through discussions with your supervisor. However, if that does not happen, the Dispute Resolution Agreement requires both sides to submit the dispute to "arbitration" instead of filing a lawsuit in court. This means that you and Shine would pick a neutral, independent person, called an "arbitrator," who would made a determination after listening to the evidence presented by each side. The arbitrator can award any form of individual relief that can be awarded by a court. All costs of arbitration will be split evenly by the parties or as otherwise directed by the arbitrator. You will be responsible for your own attorney fees, should you choose to engage an attorney (an attorney is not required for arbitration). Shine believes disputes can generally be resolved more quickly, and less expensively, in arbitration because arbitration proceedings are less formal and are focused upon individual claims. In fact, disputes resolved through the court system can sometimes takes years, whereas disputes resolved through arbitration often can be resolved much more quickly. In addition, parties in arbitration have more limited rights to appeal than in a lawsuit.

**What cannot be arbitrated?** While the Arbitration Policy provides that you can arbitrate the same claims on behalf of yourself as you can in court, it does not allow you to bring claims on behalf of other employees, as with class actions. In addition, you will still have the right to make administrative claims if applicable law permits access to such an agency notwithstanding the existence of an agreement to arbitrate. Such administrative claims include without limitation claims or charges brought before Equal Employment Opportunity Commission and the U.S. Department of Labor. Finally, this agreement does not apply to workers compensation claims, unemployment benefit claims, or claims of sexual harassment.

**Agreement to Arbitrate**. Shine and the employee whose signature is below ("**Parties**") agree to arbitrate any and all disputes, claims, or controversies ("**Claims**") they may have against each other including their current and former agents, owners, officers, directors, or employees, which arise from the employment relationship between Employee and Employer or the termination thereof. The Parties understand and agree that they are waiving their right to bring such claims to court, including the right to a jury trial. The arbitration shall be conducted by a neutral arbitrator in accordance with the National Rules for the Resolution of Employment Disputes issued by the American Arbitration Association ("**AAA**"). If the Parties are unable to agree upon a neutral arbitrator, the arbitrator shall be chosen by the AAA. The arbitrator will issue a detailed written decision and award, resolving the dispute. The arbitrator's written opinion and award shall decide all issues submitted and set forth the legal principle(s) supporting each part of the opinion. The decision or award of the arbitrator shall be final and binding upon the Parties. The arbitrator shall have the power to award any type of legal or equitable relief that would be available in a court of competent jurisdiction including, but not limited to attorneys' fees and punitive damages when such damages and fees are available under the applicable statute and/or judicial authority.

**EXHIBIT 2**

Otherwise, each Party is responsible for their own costs, including attorney fees, related to the arbitration. Any arbitral award may be entered as a judgment or order in any court of competent jurisdiction. The Parties agree that any relief or recovery to which they are entitled arising out of the employment relationship or cessation thereof shall be limited to that awarded by the arbitrator.

**Class/Collective Action Waiver**. Arbitration will be handled on an individual basis. As such, the Parties agree to mutually waive any right to participate as a class representative or class member on any class Claims the Parties might have. The Parties waive any right to class arbitration or the consolidation of individual arbitrations.

## How This Arbitration Agreement Applies.

This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.,* and evidences a transaction involving commerce. This Agreement applies to any dispute arising out of or related to Employee's employment with Shine or termination of employment regardless of its date of accrual and survives after the employment relationship terminates. Nothing contained in this Agreement shall be construed to prevent or excuse Employee or Shine from utilizing Shine existing internal procedures for resolution of complaints, and this Agreement is not intended to be a substitute for the utilization of such procedures.

Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration, and therefore **this Agreement requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial.** Such disputes include, without limitation, disputes arising out of or relating to interpretation or application of this Agreement, but not as to the enforceability, revocability or validity of this Agreement or any portion of this Agreement. Except as it otherwise provides, this Agreement also applies, without limitation, to disputes arising out of or related to the employment relationship, trade secrets, unfair competition, compensation, breaks and rest periods, termination, discrimination or harassment and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act of 1974 (excluding any claims involving benefits funded by insurance (hereafter referred to as "Employee Benefit Claims Funded by Insurance")), Genetic Information Non-Discrimination Act, Worker Adjustment and Retraining Notification Act, and state statutes, if any, addressing the same or similar subject matters, and all other state statutory and common law claims.

## Limitations On How This Agreement Applies.

This Agreement does not apply to Employee Benefit Claims Funded by Insurance or claims for workers compensation, state disability insurance, unemployment insurance benefits and sexual harassment claims. Regardless of any other terms of this Agreement, claims may be brought before and remedies awarded by an administrative agency if applicable law permits access to such an agency notwithstanding the existence of an agreement to arbitrate. Such administrative claims include without limitation claims or charges brought before the Equal Employment Opportunity Commission (www.eeoc.gov), the U.S. Department of Labor (www.dol.gov), the National Labor

Relations Board (www.nlrb.gov), or the Office of Federal Contract Compliance Programs (www.dol.gov/esa/ofccp). Nothing in this Agreement shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency or to do anything else that is required to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

**Selecting the Arbitrator.** The parties shall select the neutral arbitrator by mutual agreement. However, if the parties are not able to mutually agree to an arbitrator, the arbitration will be held under the auspices of the American Arbitration Association ("AAA") and, except as provided in this Agreement, shall be in accordance with the Employment Arbitration Rules of the AAA ("AAA Rules") (the AAA Rules are available by searching for "AAA Employment Arbitration Rules" using a service such as www.google.com or via the internet at https://www.adr.org/sites/default/files/EmploymentRules-Web.pdf ). Unless the parties jointly agree otherwise, the Arbitrator shall be either an attorney who is experienced in employment law and licensed to practice law in the state in which the arbitration is convened, or a retired judge from any jurisdiction (the "Arbitrator"). Unless the parties jointly agree otherwise, the arbitration shall take place at a location within 45 miles of where Employee was last employed by Shine.

**Enforcement Of This Agreement.** This Agreement is effective immediately and covers any past, present, or future claim. This Agreement is the full and complete agreement relating to the formal resolution of disputes covered by this Agreement. In the event any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable. If the Class Action Waiver, Collective Action Waiver or Private Attorney General Waiver is deemed to be unenforceable, Shine and Employee agree that this Agreement is otherwise silent as to any party's ability to bring a class, collective or representative action in arbitration.

**Acknowledgement.**

I acknowledge and agree that in exchange for the mutual obligations contained herein and as a condition of employment with Shine, I agree to Shine's Mutual Arbitration Agreement as set forth above:

*Morgan Beard*
Morgan Beard (Jan 19, 2024 13:29 MST)
**Employee Signature**

Morgan Beard
**Print Employee's Name**

Jan 19, 2024
**Date**

3