IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ALLAN GARNER, MORGAN BEARD                                                    PLAINTIFFS
and BRONSON CURTIS

    v.                            Case No. 5:24-cv-5081-TLB

SHINE SOLAR, LLC, and CALEB GORDEN                                             DEFENDANTS

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

**I.
Introduction**

Every claim that Plaintiffs, Allan Garner, Morgan Beard, and Bronson Curtis (collectively, "**Plaintiffs**") have asserted against Defendants, Shine Solar, LLC ("**Shine**") and Caleb Gorden ("**Gorden**" and collectively, "**Defendants**") are related to or arising out of their employment relationship with Shine. Plaintiffs executed arbitration agreements (the "**Agreements**") with Shine which require claims related to compensation or arising under the Fair Labor Standards Act ("**FLSA**") to be submitted to arbitration. *See* Exhibits 1-3 to the Motion to Dismiss. The parties delegated any questions of arbitrability to the arbitrator, so any questions raised on whether these claims are subject to arbitration must be decided in arbitration. The Court should dismiss the Plaintiffs complaint with prejudice and allow the parties to proceed in arbitration, as agreed to by the parties.

1

## II.
## Factual Background

According to the Complaint[1] (Doc. 2), Plaintiffs relationship with Shine is an employment relationship. Plaintiffs allege that during their time of employment with the Defendant, they regularly worked more than forty (40) hours per week and were not paid 1.5x their regular rate of pay in violation of the FLSA and AMWA. Doc. 2, ¶ 36-57. Plaintiffs further allege they were terminated in retaliation for asserting their rights under the FLSA. Doc. 2, ¶ 45, 56-68.

Before beginning their employment, Plaintiffs executed the Agreements with Shine on January 11, 2024, January 17, 2024, and January 19, 2024, respectively. *See* Exhibits 1-3 to the Motion to Dismiss. In the Agreements, the parties agreed that arbitration would be handled on an individual basis and waived any rights to class arbitration or the consolidation of individual claims. *Id*. Further, the Agreements require the parties to arbitrate all disputes arising out of or relating to compensation, termination, or otherwise arising under the FLSA. This agreement includes resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration, and therefore **this Agreement requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial**. *Id*. Such disputes include, without limitation:

> disputes arising out of or related to the employment relationship, trade secrets, unfair competition, *compensation*, breaks and rest periods, *termination*, discrimination or harassment and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, *Fair Labor Standards Act*, Employee Retirement Income Security Act of 1974 (excluding any claims involving benefits funded by insurance (hereafter referred to as "Employee Benefit Claims Funded by Insurance")), Genetic Information Non-Discrimination Act,

---

[1] Defendants reserve the right to seek dismissal through a motion to compel arbitration on the pleadings or other motion if the Court declines to dismiss with prejudice.

> Worker Adjustment and Retraining Notification Act, and state statutes, if any, addressing the same or similar subject matters, and all other state statutory and common law claims.

*See* Exhibits 1-3 to the Motion to Dismiss, p. 2 (emphasis added). Under these provisions, Plaintiffs agreed to resolve the claims they assert in the Complaint exclusively through arbitration. Plaintiffs have therefore waived the right to pursue the claims they have asserted here.

### III.
### Argument

By express agreement of the parties, the Federal Arbitration Act ("**FAA**") governs the Agreements. *See* Exhibits 1-3 to the Motion to Dismiss, p. 2. The FAA reflects a "liberal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). To serve that policy, the FAA requires courts to "rigorously enforce agreements to arbitrate" according to their terms. *Dean Witter Reynold, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). The Eight Circuit has stated that "legal authority does not forbid parties from using Rules 12(b)(6) or 56 to enforce an arbitration agreement." *City of Benkelman, Nebraska v. Baseline Eng'g Corp.*, 867 F.3d 875, 881 (8th Cir. 2017). Rigorous enforcement here requires the Court to dismiss the Plaintiffs' complaint against Defendants.

**A.    The parties agreed to arbitrate issues arising out of or related to the employment relationship, which include claims related to compensation and claims brought under the FLSA.**

Under the FAA, a "dispute must be submitted to arbitration if there is a valid agreement to arbitrate and the dispute falls within the scope of that agreement." *Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d 943, 945 (8th Cir. 2001). The parties agreed to arbitrate disputes arising out of or related to compensation or the FLSA. The Court should therefore dismiss Plaintiffs' Complaint.

3

### 1. The compensation claims are subject to the Arbitration Agreement.

The Agreements require arbitration of "disputes arising out of or related to the employment relationship, … compensation" and "claims arising under the … Fair Labor Standards Act … and state statutes, if any, addressing the same or similar subject matters, and all other state statutory and common law claims." *See* Exhibits 1-3 to the Motion to Dismiss, p. 2. Here, Plaintiffs bring claims alleging they were not adequately paid (compensated) for the work they completed. Doc. 2, ¶ 36. Plaintiffs allege the failure to pay the overtime rate is a violation of the FLSA and the AMWA. *Doc. 2*, ¶¶ 41-57. These claims fall into several categories of disputes expressly addressed by the Agreements. The disputes can be construed as related to compensation or arising out of the employment relationship, FLSA, or a state statute (the AMWA) addressing the same or similar subject matters. Whichever classification is designated for these claims is irrelevant here, as all of them are covered by the Agreements.

### 2. The anti-retaliation claims are subject to the Arbitration Agreement.

The Agreements require arbitration of "disputes arising out of or related to the employment relationship, … termination, … and claims arising under the … Fair Labor Standards Act." *See* Exhibits 1-3 to the Motion to Dismiss, p. 2. Here, Plaintiffs allege that they were terminated in violation of the FLSA's anti-retaliation provision. Doc. 2, ¶¶ 58-66. Like the underlying claims, the retaliation claim falls into several categories of disputes expressly addressed by the Agreements. The retaliation claim can be construed as related to termination or arising out of the employment relationship or FLSA.

### 3. The Arbitration Agreement is valid and enforceable.

The Agreements are valid and enforceable under Arkansas contract law. An arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or

4


in equity for the revocation of any contract." 9 U.S.C. § 2. For an arbitration agreement to be enforceable, the FAA requires only that it be in writing and evidence a transaction involving commerce. *See id*. at §§ 2-4. Courts look to state contract law to determine whether an agreement to arbitrate is valid. *Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d 943, 946 (8th Cir. 2001). Under Arkansas law, the essential elements of a contract are (a) competent parties, (b) subject matter, (c) legal consideration, (d) mutual agreement, and (e) mutual obligations. *Found. Telecomms., Inc. v. Moe Studio, Inc.*, 341 Ark. 231, 241, 16 S.W.3d 521, 538 (2000) (citations omitted). Each of the essential elements is established here, making the Arbitration Agreement valid.

The Agreements were made by competent parties. Arkansas law presumes that every person is sane, fully competent, and capable of understanding the nature and effect of his or her contracts. *Union Nat'l Bank of Little Rock v. Smith*, 240 Ark. 354, 356, 400 S.W.2d 652, 653 (1966). Plaintiffs each signed identical Agreements with Shine. *See* Exhibits 1-3 to the Motion to Dismiss. Nothing in the Complaint suggests that any of the Plaintiffs are incompetent in any way. This requirement is satisfied.

The subject matter of the Agreements is the arbitration procedure and which claims are subject to arbitration. The procedure is clearly specified, and the arbitrable claims are clearly defined.

The parties' mutual agreement to arbitrate constitutes consideration for the Arbitration Agreement. *See Graybar Elec. Co., Inc. v. Weyerhaeuser Co.*, 376 F.Supp.3d 939, 944 (W.D. Ark. 2019) (holding that "legal consideration is provided because the parties provided mutual promises to arbitrate any claims related to the contract"). To the extent there is any doubt, employment or continued employment is sufficient consideration to support an arbitration agreement. *See Soto v.*

*State Indus. Prod., Inc.*, 642 F.3d 67, 75 (1st Cir. 2011) (holding that continued employment is valid consideration for the execution of an arbitration agreement); *Hadnot v. Bay, Ltd.*, 344 F.3d 474, 477 (5th Cir. 2003) (holding that offer of at-will employment is valid consideration to support an arbitration agreement).

Plaintiffs and Shine also agreed to the Agreements, as shown by their signatures on the Agreements. *See* Exhibits 1-3 to the Motion to Dismiss. This satisfies the mutual agreement requirement.

Finally, the parties share mutual obligations affecting all parties equally. *See Tyson Foods, Inc. v. Archer*, 356 Ark. 136, 142, 147 S.W.3d 681, 685 (2004) (holding that an arbitration agreement must obligate both parties to arbitration and invalidating an agreement that required one party to submit to arbitration while permitting another party to pursue remedies in court). Here, both parties are required to submit the same types of disputes to arbitration, both parties must agree on the arbitrator, both parties can use the internal procedures before resorting to arbitration, and both parties are responsible for their own costs.

Since all the required elements for a valid agreement under Arkansas law are present, the Agreements are deemed valid and enforceable under the FAA.

**B.     The Eighth Circuit allows parties to use Rules 12(b)(6) and 56 to enforce arbitration agreements.**

The Eighth Circuit has specifically addressed the issue of whether a party can file a motion to dismiss where there is a valid arbitration agreement. In *City of Benkelman*, the Court of Appeals reviewed *de novo* the grant of a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). 867 F.3d at 879. While an arbitration provision does not limit a court's subject matter jurisdiction (12(b)(1)), the Court of Appeals found that the motion to dismiss should be granted under either Rule 12(b)(6) or Rule 56 and the court "decline[d] to press the matter by deciding

between Rule 12(b)(6) and 56, because summary judgment standards apply either way." *Id.* at 881-82.

Other circuits routinely use Rules 12(b)(6) and 56 when deciding whether to compel arbitration. *See Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 771 (3d Cir. 2013); *see also Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002) (citing cases from the Second, Third, and Fifth Circuits and stating that "courts that have addressed the question have analogized the … evidentiary standard a party seeking to avoid compelled arbitration must meet … to that required of a party opposing summary judgment"). The holding of *Benkelman* has become controlling caselaw and positively cited in several subsequent cases. *See Seldin v. Seldin*, 879 F.3d 269, 272 (8th Cir. 2018) (stating the case is controlled by *Benkelman* and that "Rule 12(b)(6) or Rule 56 motions are the appropriate means for parties seeking to compel arbitration"); *Schug v. MCC Grp. Holdings, Inc.*, No. 5:22-CV-05101, 2022 WL 4486405, at *1 (W.D. Ark. Sept. 27, 2022) (holding that "the appropriate mechanism to compel arbitration is to consider a stay or dismissal based on [FRCP] 12(b)(6) or 56"). Because there is a valid arbitration agreement, the scope is to be determined by the arbitrator, and the claims fall under the arbitration agreement, the Court must grant the motion to dismiss.

### IV.
### Conclusion

By signing the Agreements, Plaintiffs agreed to arbitrate the claims they allege in the Complaint. The Eight Circuit specifically allows, where there is an arbitration agreement, the dismissal of claims through Rules 12(b)(6) and/or Rule 56. The Agreements require resolution of all disputes related to compensation, termination, or brought under the FLSA or a similar state statute through arbitration. The Court should dismiss the complaint and allow the parties to proceed to arbitration.

Respectfully submitted,

SHINE SOLAR LLC and
CALEB GORDEN,

By: */s/ Timothy Hutchinson*
Timothy Hutchinson (2000-030)
Larry McCredy (2007-152)
RMP LLP
P.O. Box 1788
Fayetteville, AR 72702
Phone: (479) 443-2705
Fax: (479) 443-2718
thutchinson@rmp.law
lmccredy@rmp.law

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Tim Hutchinson, hereby certify that on May 31, 2024, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will automatically send a notice of electronic filing and a copy of the filing to all counsel of record.

*/s/ Timothy Hutchinson*
Timothy Hutchinson